**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES SAMMS,<br>Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION; and DOES 1-20, inclusive,<br>Defendants. | Case No.: 3:26-cv-03486-H-JLB<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND REMAND**<br>[Doc. No. 4.] |

On August 10, 2026, Plaintiff Charles Samms filed a motion for leave to file a first amended complaint and a motion for remand. (Doc. No. 4.) To date, Defendant Costco Wholesale Corporation ("COSTCO") has not filed its response. On September 2, 2026, the Court took this matter under submission. (Doc. No. 5.) For the reasons below, the Court grants Plaintiff's motion for leave to file a first amended complaint and motion to remand.

**Background**

Plaintiff is a resident of San Diego County, California. (Doc. No. 1-2 ¶ 1.) Defendant COSTCO is a Washington corporation authorized to do business in San Diego County, California. (Id. ¶ 2; Doc. No. 4-1 at 2.) Defendant COSTCO owns, controls, and maintains the Costco Wholesale Corporation located at 12155 Tech Center Dr. #775b,

Poway, CA 92064 ("Subject Premises"). (Doc. No. 1-2 ¶¶ 2, 9, 12.)

On October 5, 2024, while walking through the warehouse of the Subject Premises, Plaintiff slipped on water that had accumulated on the floor. (Id. ¶ 7.) The water had accumulated from dripping pipes that hung from the ceiling and ran perpendicular over the aisle. (Id. ¶ 8.) Plaintiff alleges Defendant COSTCO was aware that water was dripping from the pipes but failed to exercise reasonable care. (Id. ¶¶ 9, 16.)

Plaintiff suffered physical and emotional injuries as a result of the incident, including an injury to his lower back. (Id. ¶ 7.) Plaintiff has undergone and continues to undergo treatment and care for the injuries he suffered. (Id.) Despite the treatment received, Plaintiff has and will continue to endure physical, mental, and emotional pain and suffering. (Id.)

On February 9, 2026, Plaintiff filed a complaint in the Superior Court of California, County of San Diego against Defendant COSTCO, alleging that his injuries were the direct and proximate result of Defendant COSTCO's negligence and the unsafe conditions created and allowed by Defendant COSTCO in its warehouse. (Id. ¶¶ 10-23.) On March 2, 2026, Plaintiff served Defendant COSTCO with written discovery requests, seeking the identity of the refrigeration company responsible for maintaining the refrigerant piping that ran over the aisle in which Plaintiff slipped and fell. (Doc. No. 4-1 at 2, 4.) On May 8, 2026, after several extensions, Defendant COSTCO provided responses, identifying CTS Mechanical Inc. ("CTS") as the refrigeration company responsible for the piping that ran over the aisle in which Plaintiff slipped and fell. (Id.) On June 10, 2026, Defendant COSTCO removed the action to United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal.)

By the present motion, Plaintiff moves for leave to file a first amended complaint to add CTS as a defendant. (Doc. No. 4-1 at 1.) CTS is a California corporation with its principal place of business in California. (Id. at 2.) At the time the original Complaint was filed, Plaintiff did not know the identity of the entity responsible for maintaining the

refrigeration system and piping at the Subject Premises. (Id.) Because CTS is a California citizen, Plaintiff moves to remand the action back to the Superior Court of California, County of San Diego for lack of subject matter jurisdiction. (Doc. No. 4.)

## Discussion

### I. Legal Standard

#### A. Motion for Leave to Amend

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that leave to amend "shall be freely given when justice so requires", Fed. R. Civ. P. 15(a)(2), and is applied with "extreme liberality." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). However, after a case has been removed, a proposed amendment to join a diversity-destroying defendant is governed by 28 U.S.C. § 1447(e). Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 & n.2 (9th Cir. 1998) (applying § 1447(e) in a motion to remand where the plaintiff sought to add a defendant that would defeat diversity).

28 U.S.C. § 1447(e) states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In exercising this broad discretion, the Court may consider the following six factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether the denial of joinder will prejudice the plaintiff. IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted); see also Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000).

**B. Motion to Remand**

Federal courts are courts of limited jurisdiction. United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). A case is removable only if it could have been originally filed in federal court. Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).

Removal is proper when a case originally filed in state court presents a federal question or where there is diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332(a). "Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000." Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020) (citing 28 U.S.C. § 1332(a)). Courts strictly construe the removal statute against removal jurisdiction. See, e.g., Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). Further, "[a] defendant seeking removal has the burden to establish that removal is proper." Luther v. Countrywide Home Loans Servicing, *LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Although remand is discretionary following a post-removal amendment which eliminates the federal claim upon which the court's federal question jurisdiction was based, see Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991), remand is mandatory where a post-removal amendment eliminates the court's diversity jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

/ / /

/ / /

/ / /

## II. Analysis

The Court construes Plaintiff's Motion to Remand as a motion to permit joinder of CTS pursuant to 28 U.S.C. § 1447(e). The Court considers each of the above-identified factors in turn.

### A. Extent to Which CTS is Needed for Adjudication

Plaintiff maintains that adding CTS as a defendant is needed for the just adjudication of the case because CTS is a required party whose identity was unknown at the time the complaint was filed. (Doc. No. 4-1 at 5.)

Rule 19(a) requires the joinder of a person where that person's absence would preclude the grant of "complete relief among existing parties", may "impair or impede the person's ability to protect the interest", or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). While courts use the standard set under Rule 19 to determine whether to permit joinder, an "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." IBC Aviation Servs., Inc., 125 F. Supp. 2d at 1011-12. The standard for joinder under section 1447(e) "is met when failure to join will lead to separate and redundant actions." Id. at 1011 (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 910 (9th Cir. 1991)). But "[c]ourts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012 (citation omitted).

Here, the complaint alleges claims of negligence and premises liability against COSTCO and DOES, who have a duty to maintain and repair piping within Subject Premises. (Doc. No. 1-2, Compl. ¶¶ 14-17, 20-23.) Plaintiff claims "CTS is the maintenance contractor responsible for the refrigeration system and associated piping that produced the condensation and resulting water accumulation on the floor," a role that "goes to the core of liability in this case." (Doc. No. 4-1 at 5.) The complaint claims that Defendants, such as CTS, had a duty to "repair the pipes leaking from above the dog food aisle" and "knew, or in the exercise of reasonable care, should have known that water

dripping from the pipes that hung from the ceiling and ran perpendicularly over the dog food aisle onto the floor posed a reasonably foreseeable risk of the kind of injury suffered by Plaintiff." (Doc. No. 1-2, Compl. ¶¶ 15, 16, 21, 22.) Further, it complains that Defendants breached said duties by "failing to repair the equipment leaking from the ceiling", "failing to repair the pipes leaking from above the dog food aisle", and "creating and/or failing to mitigate the dangerous condition within COSTCO which le[]d to Plaintiff's injuries." (Id. ¶¶ 15, 21.) Plaintiff notes, absent joinder, it would be forced to file a separate state court action against CTS, creating a substantial risk of duplicative litigation. (Doc. No. 4-1 at 5.)

Thus, this first factor supports the joinder of CTS because CTS is not tangentially related to the cause of action but directly related as CTS may be liable for the alleged negligence in failing to keep Subject Premises in safe condition. Further, the failure to join CTS would lead to separate and redundant actions.

**B. Statute of Limitations**

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." Yang v. Swissport USA, Inc., No. C 09–03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010). "But where ... a plaintiff would be required to litigate essentially duplicative federal and state lawsuits arising out of the same facts, the interest in conserving judicial resources and the risk of inconsistent results weighs in favor of allowing joinder." See id. (citing IBC Aviation Servs., 125 F. Supp. 2d at 1012).

The statute of limitations for personal injury actions due to negligence in California is two years. See Cal. Code Civ. Proc. § 335.1. This means Plaintiff will soon be foreclosed from pursuing a negligence action against CTS pursuant to Cal. Code Civ. P. § 335.1 because the two-year statute of limitations for bringing such a claim will lapse on October 5, 2026. Because the claim against CTS may soon be barred by the statute of limitations and Plaintiff would be required to litigate essentially duplicative federal and

state lawsuits arising out of the same facts, the Court finds this factor supports joinder of CTS.

**C. Timeliness**

When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion. See Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983)).

Here, Plaintiff filed a complaint in the Superior Court of California, County of San Diego against Defendant COSTCO on February 9, 2026. (Doc. No. 1-2, Compl.) On March 2, 2026, Plaintiff served Defendant COSTCO with written discovery requests, seeking the identity of the refrigeration company responsible for maintaining the refrigerant piping that ran over the aisle in which Plaintiff slipped and fell. (Doc. No. 4-1 at 2, 4.) On May 8, 2026, after several extensions, Defendant COSTCO provided responses, identifying CTS Mechanical Inc. ("CTS") as the refrigeration company responsible for the piping that ran over the aisle in which Plaintiff slipped and fell. (Id.) On June 10, 2026, Defendant COSTCO removed the action to United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal.) No substantive proceedings have occurred in federal court, and the case was removed before the initial Case Management Conference. (Doc. No. 4-1 at 4.) On August 10, 2026, Plaintiff filed this motion for leave to file a first amended complaint and a motion for remand.

The Court finds no undue delay as Plaintiff appears to have promptly sought leave to amend when he learned of the proposed defendants' role. Plaintiff acted diligently in seeking amendment, and Defendant does not oppose. This factor supports allowing the amendment.

**D. Motive Behind Joinder**

Courts examine the motive of a plaintiff in seeking the joinder of an additional, non-diverse defendant. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). The joinder of non-diverse defendants for the sole purpose of divesting a

federal court of diversity jurisdiction is improper. IBC Aviation Servs., 125 F. Supp. 2d at 1012.

Here, Plaintiff has provided facially legitimate grounds for amendment, and the Court finds nothing in the record to suggest that Plaintiff has an improper motive in seeking to add CTS. Plaintiff asserts that he made efforts to obtain the identity of the refrigeration company "long before the removal paperwork was served". (Doc. No. 4-1 at 4.) While the timing of Plaintiff's amendment indicates that adding CTS as a defendant to destroy diversity may have been a motive, the legitimacy of Plaintiff's claim against CTS indicates that it was not the primary motive. COSTCO does not contend otherwise. Because Plaintiff's proposed amendments contain specific allegations supporting viable causes of action against CTS, the Court finds no bad faith in Plaintiff seeking to add this defendant, nor would amendment be futile.

**E. Apparent Validity of Plaintiff's Claim Against CTS**

In analyzing joinder of CTS, the Court must determine "whether the claim[s] sought to be added seem[] meritorious." IBC Aviation Servs., 125 F.Supp.2d at 1012. Plaintiff seeks to allege claims against CTS for negligence and premises liability. (Doc. No. 3-3, Proposed FAC.) Under California law, the elements of a negligence claim are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009). "The elements of a negligence claim and a premises liability claim are the same." Kesner v. Superior Ct., 1 Cal. 5th 1132, 1158 (2016).

Plaintiff alleges that Costco and CTS had a duty to keep the premises safe, knew or should have known, in the exercise of reasonable care, that parts of the store were in an unsafe condition, and breached their duty to keep the premises safe, causing him injury. (Doc. No. 1-2, Compl. ¶¶ 11-23; Doc. No. 3-3, Proposed FAC ¶¶ 11-15.) Plaintiff alleges that CTS, as the maintenance contractor responsible for the refrigeration system and

associated piping that produced the condensation and resulting water accumulation on the floor, is the primary actor responsible for the dangerous condition at issue. (Doc. No. 4-1 at 5.) Accordingly, Plaintiff has alleged a valid claim and this factor supports joinder of CTS.

**F. Prejudice to Plaintiff.**

Plaintiff asserts denial of joinder would cause significant prejudice because pursuing parallel litigation in state court against CTS while simultaneously litigating against COSTCO in federal court would result in unnecessary expenditure of resources. (Doc. No. 4-1 at 5.) Defendant does not disagree. Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results or forego valid claims against the non-diverse defendants. See IBC Aviation Servs., 125 F.Supp.2d at 1013. The Court finds that these circumstances are present here, and that Plaintiff would be prejudiced by the denial of joinder.

On balance, the relevant factors weigh in favor of permitting joinder. The issues arising out of Plaintiff's claims against CTS are identical to those against COSTCO, and joinder would conserve judicial resources and avoid the risk of inconsistent results in different forums. Plaintiff's motion to amend was not unreasonably delayed or untimely. In addition, Plaintiff's negligence claims against CTS appear meritorious and there is no evidence of improper motive. Thus, the Court exercises its discretion to permit joinder of CTS pursuant to 28 U.S.C. § 1447(e). Because joinder divests the Court of diversity jurisdiction, the Court grants the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion**

For the reasons above, the Court grants Plaintiff's Motion to Amend. (Doc No. 4.) With the addition of CTS, a non-diverse defendant, this Court lacks jurisdiction over this case. Accordingly, the Court orders this action to be remanded to San Diego County Superior Court, where it was originally filed.

**IT IS SO ORDERED.**

DATED: September 3, 2026



MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT